Nov. Term,
1846.

Hough and Others *v.* Doyle.

Hough
v.
Doyle.

By the statute of 1831, a bill of foreclosure, &c. (the mortgage-debt being payable by instalments) would not lie, until the day of payment of the last instalment was past.

A decree in chancery cannot be rendered against an infant defendant without proof, though the answer, filed by his guardian *ad litem*, admit the bill to be true.

Monday,
December 21.

ERROR to the *Jefferson* Circuit Court.

Dewey, J.—At the *September* term, 1833, of the *Jefferson* Circuit Court, *Doyle* brought a bill in equity against the plaintiffs in error, the heirs at law of *Orson E. Hough.* The bill states that, on the 25th of *October,* 1831, *Orson E. Hough* was indebted to the complainant in the sum of 375 dollars, for which he executed three promissory notes of that date for 125 dollars each, payable in one, two, and three years, with interest; that to secure the payment of the notes, he executed a mortgage of the same date to the complainant of certain premises, which mortgage is referred to as an exhibit and made a part of the bill, but which does not appear in the record; that the mortgagor died in 1832, leaving the defendants below his heirs at law, who were all minors; and that the first two notes were due. The prayer of the bill was, that the defendants might be decreed to pay the two notes which were due; or in default thereof, that the mortgaged premises might be decreed to be sold, &c. The defendants having been summoned, a guardian *ad litem* was appointed for them, and answered the bill in their behalf admitting it to be true. The Court, without hearing any evidence whatever, decreed that the defendants should pay the complainant 288 dollars, the amount of the first two notes, in ten days, or that in default thereof, the mortgaged premises should be sold to satisfy that sum and the costs. And a commissioner was appointed to carry the decree into effect.

This decree must be reversed. The law in force when the mortgage was given, and the decree was rendered, did not authorize the bringing a bill to foreclose the equity of redemption, and for a sale of the mortgaged premises, until after the day of payment of the last instalment of the mortgage-money was past. R. S. 1831, p. 244. The bill was

prematurely brought.  It shows upon its face that the last
instalment was not payable when the suit was commenced.

Nov. Term,
1846.

It was erroneous, too, to decree against infants upon the
admission in their answer that the bill was true.    Infants
cannot bind themselves by such an admission.  Coop. Pl. 324.
There should have been proof adduced in the same manner
as if the bill had been denied.

Other errors in the proceedings might be pointed out but
it is unnecessary.

Per Curiam.—The decree is reversed with costs.   Cause
remanded, &c.

O. H. Smith and T. L. Sullivan, for the plaintiffs.