May Term,
1849.

CRAIN
v.
PARKER.

*J. A. Matson*, for the plaintiff.

CRAIN and Others *v.* PARKER, Administrator, &c., and Another.

A decree against infants, without proof, is erroneous, notwithstanding the admissions of a guardian *ad litem* as to the truth of the allegations of the bill.

Sales made by order of Courts having competent power to make such order, will not be affected by the reversal, for error, of the decrees ordering the sales.

*Tuesday,*
*June 5.*

ERROR to the Probate Court of *Tippecanoe* county.

SMITH, J.—On the 8th of *May*, 1837, *Stephen Taylor*, administrator of the estate of *Daniel J. Taylor*, deceased, filed a petition in the Probate Court of *Tippecanoe* county, alleging that the personal estate of his intestate was insufficient to pay the debts outstanding, and praying for an order to sell the real estate. The petition alleged that *Stephen, Marietta, Elizabeth, Daniel*, and *Henry Taylor*, all minors, were the heirs at law, and that the petitioner was their general guardian. Thereupon, on motion, an attorney of the Court was appointed guardian *ad litem* for said

infants, who entered an appearance in their behalf, and filed an answer admitting the allegations in the petition, and consenting to the immediate rendition of a decree. The Court then made an order authorizing the administrator to sell the real estate at such time and manner as he should deem expedient. On the 14th of *August*, 1837, the administrator reported that he had sold a part of the land to *Robert Martin* for 395 dollars and 50 cents, and another part to *John H. Shoffner* for 460 dollars, which sales were approved. Afterwards, on the 12th of *February*, 1838, on motion of the administrator, a commissioner was appointed to make a deed to *Shoffner* for that portion of the real estate so sold to him, and, from an entry upon the record, it appears that the commissioner made such a deed and acknowledged it in open Court, and that it was approved. The cause was then continued generally from term to term until the 19th of *February*, 1844, when it was ordered that the proceedings be final, and that the clerk make up a complete record.

This writ of error is brought by the heirs of *Daniel J. Taylor*, deceased, against the administrator of the administrator who instituted the foregoing proceedings, and they have made *Shoffner*, who purchased a part of the land, a party.

There can be no doubt that the proceedings of the Probate Court were erroneous. Without examining other alleged defects, we must pronounce them so, because it was error to render a decree against infants without proof, notwithstanding the admissions of a guardian *ad litem*. *Hough* v. *Doyle*, 8 Blackf. 300, and *Hough* v. *Canby*, id. 301.

But we do not intend here to express any opinion as to the validity of the sale. It is a well established doctrine that sales made by order of Courts having competent power to make such order, will not be affected by a reversal of the decree ordering the sale, for error; and it was held by this Court, in the case of *Thompson* v. *Doe*, 8 Blackf. 336, where an order of sale was made by a Probate Court, on the application of an administrator under precisely the same circumstances as in the present case,

May Term, 1849.

CRAIN
v.
PARKER.

that is, upon the answer of a guardian *ad litem* for infant defendants without proof, that, though the order of sale was erroneous, it was not a nullity, and that the purchase under it was valid. This, however, is an entirely distinct question, and one that is not now before us.

*Per Curiam.*—The decree ordering the sale by the administrator is reversed. Cause remanded for further proceedings.

*G. S. Orth,* for the plaintiffs.

*A. S. White,* for the defendants.