### DRIVER and Others *v.* DRIVER.

A decree against an infant defendant, without proof, is erroneous.
Duplicity in pleading is fatal in equity as well as at law.
Two distinct pleas in bar are not allowed in equity.

*Friday,*     ERROR to the *Sullivan* Circuit Court.
*June 1.*     STUART, J.—The defendant in error, *Jane Driver*, filed
her bill in chancery to set aside a conveyance, and for
relief, &c.

The bill alleges that *Jane*, while sole, and her mother,
*Margaret McBroom*, in *March*, 1838, purchased forty acres
of land, and paid the purchase-money; but in consequence
of the minority of *Usry*, the vendor, took no deed or title-
bond. *Usry*, however, delivered to them his patent for
the land. That in *October*, 1839, *Jane* intermarried with
*Edwin Driver;* that in *June*, 1843, *Usry* executed a deed
for the land to *Margaret McBroom* and *Edwin Driver*, to
which both *Margaret* and *Jane* objected, insisting that the
deed should be made to them; that *Edwin*, notwithstand-
ing, received the deed; but that it was lost and had never
been recorded; that such deed had never been delivered
to or accepted by *Margaret*. That in *June*, 1844, *Edwin
Driver* died intestate, leaving *John*, *Martha E.* and *James
Driver*, children by a former marriage, his heirs at law.

That in *February*, 1845, on the application of *John Driver*, partition of the intestate's lands among his heirs was made by order of the *Sullivan* Probate Court, wherein such proceedings were had that twenty acres of the land deeded by *Usry* was adjudged to *Martha*, and which she still holds; that *Jane*, before her marriage with *Edwin*, had made valuable improvements thereon, of the yearly value in rent of 18 dollars; that though the said *Margaret Mc-Broom* was then living, the north half of the *Usry* land was assigned to her without making her a party to the proceedings for partition. Prayer, that the deed to *Edwin* and the proceedings in partition be set aside as fraudulent and void, and the title to the land decreed to be in complainant.

*Usry*, and the heirs of *Driver*, some of whom are infants, are made defendants.

The minor answers by guardian *ad litem*; the other defendants plead in bar the proceedings for a partition had in the Probate Court, setting out the substance of the petition for partition. That the ancestor died seized of certain lands, particularly describing them, and among others the twenty acres in controversy. That *Jane*, widow of the intestate, was entitled to dower therein, which had not been assigned and set off to her. That as the heirs, &c., they prayed that the widow's dower might be assigned and partition made, &c. That at the *August* term, 1845, *Jane* appeared to the petition. That she claimed dower in all the said lands; and that upon trial, &c., dower was adjudged to her and partition awarded. That commissioners were appointed, &c., and at the *November* term, 1845, the commissioners reported accordingly, setting off to *Jane* as dower in said lands a particular tract, described thus, &c. That the Court confirmed the action of the commissioners as to the dower and partition, and adjudged accordingly, which still remains of record in full force, &c. That *Jane* entered into possession of the lands so assigned her for dower, and still held and enjoyed the same up to the filing of her bill; that they, the heirs, have also taken possession of their shares respectively, under the partition, and that they plead

the proceedings in the Probate Court in bar of the relief sought in the bill, &c.

There is a second plea, substantially the same as the first, only alleging that in the proceedings for dower and partition, *Jane* was the petitioner.

On motion of complainant's solicitors, the pleas were set down for argument, and adjudged by the Court insufficient and overruled. Decree in accordance with the prayer of the bill. The heirs of *Driver* bring the case up.

It is insisted in argument that the Court erred in rendering a decree against the infant defendant without evidence, and in overruling the pleas. In behalf of *Jane Driver*, the complainant, no brief is filed.

The decree against the infant, without proof, was erroneous. *Knox* v. *Coffey*, 2 Ind. 161.—*Hough* v. *Doyle*, 8 Blackf. 300.—*Hough* v. *Canby*, id. 301.—*Crain* v. *Parker*, 1 Ind. 374.

The question arising on the sufficiency of the pleas presents more difficulty. But as the case must go back for further proceedings, it is not necessary to look beyond the form. Duplicity in pleading is held fatal in equity as well as at law; and perhaps for far more cogent reasons. Story Eq. Pl., s. 653, *et infra*. In *Saltus* v. *Tobias*, it was held, that two distinct pleas in bar could not be pleaded together. 7 Johns. Ch. R. 214. The Court say: "The reasoning of Lord *Thurlow* is weighty and decisive, and since that time it has been the constant language of the Court that the plea must reduce the defence to a single point, and that a defendant can never plead double." The defendants pleaded first that *Jane* was defendant in the petition for partition; second, that she was the petitioner. This was improper. Story Eq. Pl., s. 657.

But because of the error first indicated, the decree must be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with leave to the defendants below to amend their pleas.

*J. P. Usher* and *R. H. Rousseau*, for the plaintiffs.
*H. L. Livingston* and *A. Cavins*, for the defendant.