May Term,
1859.

McEndree and Another *v.* McEndree.

McEndree
v.
McEndree.

12 | 97
147 | 60

Where a part of the appellants are barred by the statute of limitations, their names may be stricken from the record, and the cause may proceed as to the parties not barred.

A decree against an infant will not be reversed simply because the evidence is not in the record.

Where an agreement of parties would seem to dispense with the necessity of evidence, and the record contains none, it may be inferred that there was none.

Where the record contained nothing which would seem to empower a guardian to admit a case against his infant ward, a decree founded upon such an admission will not be sustained.

APPEAL from the *Johnson* Circuit Court.

*Wednesday, May 25.*

DAVISON, J.—This was a bill in equity by the appellee, who was the plaintiff, against *Richard McEndree, John McEndree,* and *Abner Hanks.* The object of the suit was to subject certain real estate to the payment of a debt alleged to be due to the plaintiff. *Hanks* was defaulted. *Richard* and *John McEndree,* being minors, appeared by guardian *ad litem,* who answered in the usual form. At the *September* term, 1845, as appears by the record, the depositions then filed in the cause were withdrawn, and leave was given to take depositions; but it does not appear that others were ever taken or filed. At the *March* term, 1846, the following agreement appears to have been made between the parties:

"It is agreed that the land described in the bill be sold, and the plaintiff, out of the proceeds thereof, be paid 70 dollars; and that the residue of the proceeds be paid over to *Richard* and *John McEndree;* and that they pay the cost," &c.

The Court, at the same term, rendered a decree in accordance with the agreement. Defendants appeal to this Court.

The record before us was issued on the 28th of *March,* 1855, and filed here on the 30th of that month. For error, it is averred that the decree was rendered against *John* and *Richard McEndree,* they being infants, without any proof

May Term, 1859.

McENDREE
v.
McENDREE.

whatever of the allegations in the bill. To this, the appellee answered, 1. In the proceedings and decree there is no error. 2. That *Richard* and *John McEndree* arrived at full age after the expiration of three years from the rendition of the decree, and that this appeal was not taken until the expiration of three years from the time they so arrived at full age. Reply in denial of the second paragraph. Upon the issue thus made, it was proved that *Richard* was 21 years old in *September*, 1848, and that *John* arrived at the same age in *March*, 1853. It follows that when the record in this case was issued and filed, an appeal, as to *Richard*, was barred by the statute; but as to *John*, it was not barred. R. S. 1843, p. 631.—2 R. S. p. 160, §§ 561, 562. The latter section provides that the Supreme Court, upon being satisfied that the statute of limitations has barred a part, only, of the appellants, may strike their names from the record and proceed, &c., as to those appellants who are before the Court. The name of *Richard McEndree* is, therefore, stricken from the record.

In reference to the assigned error, it may be noted that we have recently decided that a decree against an infant will not be reversed simply because the evidence is not in the record. 9 Ind. R. 481. But in this case, it is insisted that the record itself shows that there was no evidence before the Court. This position is at least plausible. The parties having agreed that the land be decreed to be sold; that the plaintiff, out of the proceeds, receive his demand; and that the residue be paid over, &c.; there would seem to have been no necessity for evidence, and it may be inferred that there was none. Indeed, the agreement, on the part of the guardian, was, in effect, an admission of the truth of the averments in the bill; and the action of the Court in passing the decree, is in strict accordance with the agreement. There is, however, nothing in the record that would, in any event, allow the guardian thus to admit a case against the infants. A decree, founded on such an admission cannot, therefore, be maintained. 8 Blackf. 300, 301.—1 Ind. R. 374.

*Per Curiam.*—As to the defendant, *John McEndree,*

the decree is reversed. Costs here against the appellee. Cause remanded, &c.

*May Term,*
**1859.**

> G. M. Overstreet and A. B. Hunter, for the appellants.
> F. M. Finch, for the appellee.