STATE EX REL. JOHNSON *v.* CODY, JUDGE.

[No. 26,870. Filed June 9, 1937.]

*E. W. Johnson,* for appellant.

*John F. Buenting,* amici curiae.

FANSLER, C. J.—This is an original action for a writ of mandate, directing the respondent to grant a change of judge. It appears that the relator acted as attorney for the guardian of a disabled veteran. He filed in the court administering the estate a verified claim for services to the guardianship, and asked for its allowance, and an order against the guardian to pay. Thereafter he filed a verified motion, in proper form, for a change of judge, which was denied. Upon the filing of this action an alternative writ issued.

An attorney is entitled to recover the reasonable value of services rendered the estate of an incompetent. *State ex rel. Nave et al. v. Newlin et al.* (1879), 69 Ind. 108. The practice requires that disputed claims against a ward's estate be presented by a complaint or petition against the guardian in the court having jurisdiction of the ward's estate. *Stewart* v. *White, Guardian* (1909), 44 Ind. App. 87, 88 N. E. 716,

and cases cited. The claim of an attorney for services is of the same character as the claim of a physician for services, or of a person furnishing necessities, for the benefit of the ward. It is therefore a civil action, which is tried by the court or jury as any other civil action, and the parties are entitled to changes of venue as in civil actions. Section 2-1401 Burns Ann. St. 1933, section 190 Baldwin's Ind. St. 1934. Upon the filing of a sufficient motion, the court has no discretion, but must grant the change, and, upon refusal, mandate will lie. *State ex rel. O'Neill et al. v. Pyle et al.* (1933), 204 Ind. 509, 184 N. E. 776.

The alternative writ heretofore issued is made absolute.