HARRIS, ET UX. *v.* SOUDER, AS SUPERINTENDENT
OF INDIANA BOYS SCHOOL, ET AL.

[No. 29,078.   Filed May 3, 1954.]

*James D. Acher* and *Ira Haymaker*, of Franklin, for appellant.

*Edwin K. Steers*, Attorney General, and *Frank E. Spencer*, Deputy Attorney General, for appellees.

EMMERT, J.—This is an appeal from a judgment of the Hendricks Circuit Court for the appellees, who were defendants to a complaint for a writ of habeas corpus. Appellants' motion for a new trial, which charged that the finding was not sustained by sufficient evidence and was contrary to law, was overruled, and this ruling is here assigned as error.

The complaint for the writ charged that appellants were the father and mother of Exel Harris,[1] aged 16

---

1. The certified copy of the proceedings in the Johnson Circuit Court shows the juvenile's Christian name as "Axel."

years, and were entitled to his custody; that said son was illegally restrained by the Superintendent and Trustees of the Indiana Boys' School by reason of a pretended commitment of the Johnson Circuit Court issued on a judgment of said court which was illegal and void for reasons later discussed in this opinion. As an exhibit to this complaint, the appellants set out the following order book entry of criminal order book No. 4:

"STATE OF INDIANA
       VS.                 No. 5984
AXEL HARRIS

". . .

"Comes now the State of Indiana by the Prosecuting Attorney and comes also the defendant into open court and after being advised of his constitutional rights he is duly arraigned and for his plea says that he is guilty of contributing to the delinquency of a minor, as charged. And this cause being now at issue, the same is submitted to the court for trial, finding and judgment without the intervention of a jury. And the court after hearing the evidence and being fully advised in the premises, now takes the same under advisement until March 12, 1953 at 9:30 A. M., when the defendant is ordered to appear.

"And afterwards, to-wit: On the 12th day of March, 1953, the same being the 10th Judicial day of the March Term 1953, of said court, before the same Honorable Judge thereof, the following further proceedings were had herein, to-wit:

"Comes now the State of Indiana by the Prosecuting Attorney, and comes also the defendant in person, and comes also the court, and the court having heretofore taken said cause under advisement, and after giving the same careful consideration in all things, now finds the defendant is sixteen years of age; that he be sentenced to the custody of the Trustees of Indiana Boys School until he arrives at the age of twenty-one years or is released by them.

"It is therefore ordered, adjudged and decreed by the court that the defendant is guilty as charged; that he is sixteen years of age; that he be sentenced to the custody of the Trustees of the Indiana Boys School until he arrives at the age of twenty-one years or is released by them."

This was the only part of the intrinsic record of the Johnson Circuit Court introduced by the appellants. The appellees introduced a certified copy of the commitment to the Indiana Boys' School. The commitment was in substantial compliance with §13-916, Burns' 1942 Replacement, and §9-3215(5), Burns' 1942 Replacement (Supp.), neither of which require a copy of the judgment.

The action here for the writ was a collateral attack upon the judgment of the Johnson Circuit Court. Appellants sought to challenge the court's jurisdiction over the person of the juvenile, and of the subject matter of the action. If either be lacking the judgment is void, and the commitment can be no better than the judgment that supports it. In determining these questions, we are limited to the court's intrinsic record, and matters dehors such record are not in issue. *Dinkla* v. *Miles* (1934), 206 Ind. 124, 188 N. E. 577; *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630; *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653.

Under §§9-3209 and 9-3210, Burns' 1942 Replacement (Supp.), appellants were entitled to have a summons served upon them. As parents, they had an interest in the custody and welfare of their child, and in the absence of waiver or statutory exceptions, without summons the court acquired no jurisdiction over the juvenile or his parents. In *Ford* v. *State* (1952), 122 Ind. App. 315, 104 N. E. 2d 406, the Appellate Court held that lack of notice under §9-3209,

Burns' 1942 Replacement (Supp.), made the judgment void. We agree with this construction.

But the record here does not affirmatively disclose no summons was issued or served. The Johnson Circuit Court is a court of superior and general jurisdiction under §4-303, Burns' 1946 Replacement. It exercises general civil, criminal and probate jurisdiction. Under Chapter 347 of the 1945 Acts, §9-3102, Burns' 1942 Replacement (Supp.), it exercises juvenile jurisdiction.[2] No additional court was created for Johnson County, and the court or judge thereof in exercising juvenile jurisdiction is not acting as a separate court. See *Lindsay* v. *Lindsay* (1913), 257 Ill. 328, 333, 100 N. E. 892, 45 L. R. A. (N. S.) 908. Different considerations on jurisdiction may be involved if we were deciding such issues coming from a special statutory juvenile court under §9-3101, Burns' 1942 Replacement (Supp.), and we decide nothing as to such courts. See *Juvenile Court of Shelby County* v. *State ex rel. Humphrey* (1918), 139 Tenn. 549, 201 S. W. 771; 31 Am. Jur., pp. 790, 807.

When a judgment of a court of general jurisdiction is attacked in collateral proceedings, and the record does not affirmatively show lack of jurisdiction of the person, the presumption is that such court had jurisdiction of the person of the defendant. In a collateral attack, Indiana has followed the rule that this presumption cannot be rebutted by evidence dehors the record. *Friebe* v. *Elder* (1914), 181 Ind. 597, 105 N. E. 151. The court's intrinsic record determines the issue of jurisdiction in an action for habeas corpus.

---

2. "In all other counties except as may be provided by law otherwise, the circuit court and the judge thereof shall have and possess all the powers and shall perform the duties by law conferred on the juvenile court 'and the judge thereof." [Acts 1945, ch. 347, §2, p. 1647; 1949, ch. 20, §1, p. 37], §9-3102, Burns' 1942 Replacement (Supp.).

*State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653, *supra; Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630, *supra.*

The plea of guilty by the juvenile was wholly void, and did not place the cause at issue. The juvenile was being proceeded against for a juvenile offense and not for a criminal offense. The jurisdiction of the court to commit the juvenile to the Indiana Boys' School was a statutory extension of the ancient right of the sovereign, acting as a *parens patriae* through a court of chancery, to protect infants. *State ex rel. Johnson* v. *White Circuit Court* (1948), 225 Ind. 602, 77 N. E. 2d 298; *Dinson* v. *Drosta* (1907), 39 Ind. App. 432, 80 N. E. 32; 57 Amer. L. Rev. 65, *et seq.* In the absence of express statutory authority, neither the infant, nor his guardian *ad litem,* can waive issuance and service of process, nor may either admit an issue against the infant in a suit at law or in equity. *Wetherill* v. *Harris* (1879), 67 Ind. 452, 472; *De La Hunt* v. *Holderbaugh* (1877), 58 Ind. 285; *Abdil* v. *Abdil* (1866), 26 Ind. 287; *Richards* v. *Richards* (1861), 17 Ind. 636; *McEndree* v. *McEndree* (1859), 12 Ind. 97; *Pugh* v. *Pugh* (1857), 9 Ind. 132; *Martin* v. *Starr* (1855), 7 Ind. 224, 226; *Robbins* v. *Robbins* (1850), 2 Ind. 74; *Crain* v. *Parker* (1849), 1 Ind. 374; *Thompson* v. *Doe* (1847), 8 Blackf. 336; *Hough* v. *Doyle* (1846), 8 Blackf. 300; *Hough* v. *Canby* (1846), 8 Blackf. 301. However, the record in this case affirmatively shows that the trial judge did hear evidence, and we will presume that he acted upon the evidence and not the plea.

The record also recites that the juvenile pleaded guilty to contributing to the delinquency of a minor. There is no such juvenile offense as this. However, we do not have a full record before us and we are unable to know what the charge was. If

he had been originally charged with a crime and it was ascertained under §9-3213, Burns' 1942 Replacement (Supp.), that he was a juvenile, the proceedings could have been transferred to the juvenile records and the finding and judgment should have been, if guilty, that he was guilty of delinquency. Under §9-3207(b), Burns' 1942 Replacement (Supp.), when such a transfer is made no new charge is required, but when transferred the charge is then for a juvenile offense, to-wit delinquency.

A matter of statutory public policy is disclosed by the certificate of the clerk to the effect that the records certified were from the criminal order book. Proceedings against juveniles should not be in the civil or criminal order books, which are public records open to the inspection of the public. It has been the practice in this state for circuit courts to have separate juvenile minute books and separate juvenile order books. Section 9-3114, Burns' 1942 Replacement (Supp.), provides, "Such records shall be open only by order of the court to persons having a legitimate interest." Section 9-3215, Burns' 1942 Replacement (Supp.), requires only such persons be admitted at the hearing as have a direct interest in the case, and prohibits the use of the evidence given in any case or proceeding in any other court. The fact that the record was made in an improper order book, however, does not affect the jurisdiction of the court. *Langley* v. *Mayhew* (1886), 107 Ind. 198, 6 N. E. 317, 8 N. E. 157; *Reedy, Gdn.* v. *Reedy* (1951), 121 Ind. App. 356, 98 N. E. 2d 256. Appellants by proper action could compel the trial court to place the proceedings in the proper records, but in a collateral attack by way of habeas corpus we have no jurisdiction to correct the records by our mandate.

Judgment affirmed.

Draper, C. J. Gilkison, Flanagan and Bobbitt, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 8.