STATE OF INDIANA ON RELATION OF KEATING
v. BINGHAM, JUDGE.

[No. 29,190. Filed October 1, 1954.]

*Marshall F. Kizer,* of Plymouth, for relator.

*J. Fred Bingham,* Judge, *pro se.*

BOBBITT, J.—Relator seeks a writ of mandate from this court to compel respondent to grant a change of venue from the judge in the hearing to determine the compensation of relator as guardian *ad litem* in an action pending in the St. Joseph Superior Court. An alternative writ was issued upon the verified petition of relator.

On January 13, 1954 the court entered its judgment upon the complaint and provided therein that "jurisdiction is reserved to determine the compensation of the guardian ad litem." Thereafter, on March 8, 1954, a hearing was held in the judge's chambers at which it was agreed that the matter of fixing the amount of compensation of such guardian be informally submitted to the court or the judge thereof. This was done. The judge then indicated what he thought was a reasonable fee for the guardian's services. The guardian registered his disapproval of the suggested amount,

and the matter was then continued for further consideration.

On June 2, 1954 the plaintiff in the action filed its petition asking that the compensation for the guardian *ad litem* be summarily fixed by the court, and on June 14, 1954 relator filed his petition for allowance as guardian *ad litem* together with his affidavit for a change of venue which, omitting formal parts, is as follows:

"JAMES E. KEATING, the Guardian ad Litem in the above entitled cause, being first duly sworn upon his oath, says:

"That he herewith prays for a change of venue in the above entitled cause from the Honorable J. Fred Bingham, Presiding Judge, upon the Guardian ad Litem's Petition for Compensation, and the Plaintiff's Petition for Fixing Fees, on the ground that he cannot have a fair and impartial trial before the said Presiding Judge because of the bias and prejudice of the said Judge before whom the said Petitions are pending."

The question thus presented is whether the fixing of compensation of a guardian *ad litem* is a matter of civil, statutory or equitable nature within the meaning of Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Repl., so as to entitle such guardian to a change of venue from the judge.

Relator asserts that there is no distinction between a guardian *ad litem* in the case at bar and the attorney for the guardian in *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. 2d 971, and that "he was as entitled to a change of venue from the Judge as was the attorney for the guardian in *State ex rel. Johnson* v. *Cody*," *supra*.

Several distinctions are readily apparent.

A guardian *ad litem* is appointed by the court to represent the ward in some certain particular litigation,

while the attorney for a guardian is appointed or employed by the guardian and represents him in all matters pertaining to the ward's estate. While it is true that such an attorney may render services to the estate he is, in fact, attorney for the guardian and does not represent the ward in the same capacity as does a guardian *ad litem*.

While it is true that the attorney for the guardian in the Johnson case (in his status as an attorney at law) was an officer of the court, yet he was not an officer by appointment such as a guardian *ad litem*, nor did his authority stem directly from the court, but from the guardian who employed him.

"A 'guardian ad litem' is one appointed by a court, in which particular litigation is pending, to represent a ward or an unborn person in that particular litigation." Acts 1953, ch. 112, §1901, p. 295, being §8-101, Burns' 1953 Repl. *Gary State Bank* v. *Gary State Bank, Admr.* (1936), 102 Ind. App. 342, 347, 2 N. E. 2d 814; Henry's Probate Law and Pract., 6th ed., Vol. 2, ch. 33, §2, p. 1680; 43 C. J. S., Infants, §107, p. 275.

The compensation of a guardian *ad litem* for services rendered may be allowed as an expense of administration, or out of the ward's interest in the proceedings in such amount as the court within its discretion shall determine. Acts 1953, ch. 112, §120, p. 295, being §6-120, Burns' 1953 Repl.; *Whinery* v. *Hammond, etc. Bank, Trustee* (1923), 80 Ind. App. 282, 294, 140 N. E. 451.

The court may hear evidence to assist it in determining the amount of compensation to be paid, since the services are rendered at the instance of the court, or it may summarily fix the amount of compensation upon

508

the knowledge of the judge as to the work done by such guardian without the aid of outside evidence.

Acts 1881 (Spec. Sess.) ch. 38, §255, p. 240, being §2-1401, Burns' 1946 Repl., upon which relator rests his right to a change of venue from the judge is subject to the same construction as was placed upon Acts 1935, ch. 71, §1, p. 199, being §2-1403, Burns' 1946 Repl., in *State ex rel. Stockton* v. *Leopold* (1949), 227 Ind. 426, at p. 431, 86 N. E. 2d 530, where this court said: "This statute [§2-1403, supra] contemplates that there will be adverse parties in the 'action, proceeding or matter' and that a trial will be required to have the issue determined."

We fail to see where there are any adverse parties here, or that a trial will be required to determine relator's compensation as guardian *ad litem*. The filing of relator's petition for allowance did not present a new cause of action for trial. He is not in the position of an attorney, rendering services to a guardian, as was the relator in *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. 2d 971, *supra*. He is not a party to the main action but is an officer of the court brought into the case by the appointment and order of the court, and the services which he has rendered were pursuant to the duty imposed upon him by the court. *Whinery* v. *Hammond, etc. Bank, Trustee* (1923), 80 Ind. App. 282, 293, 140 N. E. 451, *supra*.

The trial court might have fixed relator's compensation summarily and made an allowance of its own volition without a request or petition therefor. *Whinery* v. *Hammond, etc. Bank, Trustee, supra;* 43 C. J. S., Infants, §112, p. 307.

While a petition for allowance of services is a proper manner of bringing the subject to the attention of the

court, nevertheless, the fact that a formal petition is filed does not change the nature of the proceedings. Such a petition is merely an incident to the main action, and the allowance of suitable compensation to a guardian *ad litem* is but an incident to the court's power of appointment, *Whinery* v. *Hammond etc. Bank, Trustee, supra;* hence the procedure is neither a matter of civil, statutory or equitable nature. The fixing of fees for services rendered by a guardian *ad litem* not being a matter of civil, statutory or equitable nature within the meaning of §2-1402, *supra,* relator is not entitled to a change of venue from the judge under its provisions.

The alternative writ heretofore issued is, therefore, dissolved, and a permanent writ denied.

Flanagan, C. J., and Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 121 N. E. 2d 727.