STATE EX REL. LIKENS *v.* SMITH, JUDGE, ETC.

[No. 29,797. Filed July 1, 1959. Rehearing denied March 3, 1960[1].]

*William L. Peck,* of Anderson, for relator.

*Ralph F. Mattingly,* of Anderson, for respondent.

1. Petition for rehearing denied, without opinion, by equal division of judges participating. Bobbitt and Jackson, JJ., vote to deny rehearing, and Arterburn and Landis, JJ., vote to grant same. Achor, J., not participating.

BOBBITT, J.—Relator herein seeks a writ of mandate directing respondent to expunge the records of respondent court of an entry showing the appointment of one James L. Troutman to the Madison County Board of Public Welfare. We issued an alternative writ.

Relator asserts that respondent is without jurisdiction to make such appointment because the power to appoint members of the County Board of Public Welfare in Madison County has been vested in the Superior Court of Madison County, No. 2, by the provisions of Acts 1955, ch. 13, §3, p. 17, being §4-1343, Burns' 1957 Cum. Supp., which provides as follows:

> "(b) Said court [Superior Court of Madison County, No. 2] and the judge thereof shall have and possess, exclusive original juvenile jurisdiction within and for said county, including but not by way of limitation all the powers and duties now conferred on the juvenile courts and the judge thereof, and said court shall have exclusive jurisdiction in all matters relating to children, including juvenile delinquents, truants, neglected and dependent children, children petitioned for by the board of children's guardians, and in all cases wherein custody and legal punishment of children is in question, and in all cases wherein persons are charged with contributing to or encouraging juvenile delinquency, and all such matters now pending in the juvenile court or circuit court, shall be transferred to said court when established, and said court and the judge thereof shall be governed by all the laws now pertaining to the juvenile courts of this state."

Respondent has filed a return in which it is asserted that ch. 13 of the Acts of 1955, being §§4-1341 to 4-1343, Burns' 1957 Cum. Supp., inclusive, did not create a separate juvenile court for Madison County, Indiana, and that the population of Madison County is less than

250,000; hence, respondent Carl T. Smith, as the sole judge of the Madison Circuit Court, retains the exclusive power to make appointments to the Madison County Board of Public Welfare under the authority of Acts 1955, ch. 227, §1, p. 588, being §52-1118, Burns' 1957 Cum. Supp., which provides, in pertinent part, as follows:

> "The county board of public welfare shall consist of five [5] members, . . . and shall be appointed by the judge of the circuit court: . . . Provided, further, That in counties wherein are located separate juvenile courts, such appointments of the county board of public welfare shall be made by the judges of such juvenile courts; excepting, however, that in counties having a population of more than four hundred thousand [400,000] according to the last preceding United States census, the judge of the circuit court shall make such appointments."

Chapter 13, §1, of the Acts of 1955, being §4-1341, Burns' 1957 Cum. Supp., did not create a separate juvenile court in Madison County but did create an additional court to be known as "Superior Court of Madison County, No. 2."

Section 3 of the Act[2] fixes the jurisdiction of such court, which includes exclusive original juvenile jurisdiction including "all the powers and duties now conferred on the juvenile courts and the judge thereof."

The Acts of 1945, ch. 347, §1, p. 1647, being §9-3101, Burns' 1956 Replacement, creates juvenile courts in counties of the State having a population of 250,000 or more according to the last preceding United States census. The jurisdiction and powers of such courts is

---

2. Acts 1955, ch. 13, §3, p. 17, being §4-1343, Burns' 1957 Cum. Supp.

fixed and defined by §§9-3103, 9-3108, 9-3109, 9-3113, 9-3116, and 9-3116(a), of Burns' 1956 Replacement, and by ch. 356 of the Acts of 1945, and amendments thereto, being §§9-3201 to 9-3223, inclusive, of Burns' 1956 Replacement, and in our opinion it was the jurisdiction of juvenile courts which are referred to imme-supra, and §§9-3201 to 9-3223, supra, with which the Superior Court of Madison County, No. 2, was vested by the language as used in §4-1343, supra, as follows:

> "Said court and the judge thereof shall have and possess, exclusive original juvenile jurisdiction within and for said county, including . . . all the powers and duties now conferred on the juvenile courts and the judge thereof, . . ."

None of the Acts pertaining to the powers and jurisdiction of juvenile courts which are referred to immediately above, authorize the judge of such courts to appoint members of the County Board of Public Welfare. Such appointments are governed exclusively by §52-1118, supra, which provides that members of such Boards shall be appointed by the judge of the circuit court except in counties "wherein are located separate juvenile courts," with the further provision that in counties having a population of more than 400,000, such members shall be appointed by the judge of the circuit court. We think this section of the Welfare Act[3] controls the appointment of members of the County Board of Public Welfare.

Since Madison County does not have a separate juvenile court[4] within the meaning of §52-1118, supra, the jurisdiction and power to make appointments to the

---

3. Acts 1955, ch. 227, §1, p. 588, being §52-1118, Burns' 1957 Cum. Supp.

Madison County Board of Public Welfare rests in the Madison Circuit Court and such appointments shall be made by the judge thereof.

,The alternative writ heretofore issued is dissolved and a permanent writ is denied.

Achor, C. J., not participating.

Arterburn, Jackson, and Landis, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 584.

4. See: *Harris, et ux.* v. *Souder, Supt., etc.* (1954), 233 Ind. 287, 119 N. E. 2d 8.