## STATE EX REL. EGGERS *v.* BRANAMAN.

[No. 26,216. Filed December 21, 1932.]

*Eli B. Stephenson,* for relatrix.

*R. L. Mellen* and *Chester A. Davis,* for respondent.

TREANOR, C. J.—This is an original action in the name of the State of Indiana on the relation of Anna Eggers against John C. Branaman, as judge of the Lawrence Circuit Court, the relatrix asking that a writ of mandamus issue to require the correction of a certain record of the Lawrence Circuit Court in the case of *State of Indiana* v. *Anna Eggers,* No. 6532.

An alternative writ issued to which both a demurrer and a response were filed.

We think we may consider that the following facts are established by the pleadings or were admitted in oral argument:

At the November term, 1931, of the Lawrence Circuit Court, the relatrix was tried on the charge of petit larceny, the alleged offense consisting of the taking of a deed from the office of the clerk of the Lawrence Circuit Court. While the jury was deliberating, the regular judge, the Hon. John C. Branaman, vacated the bench after an arrangement had been made that one William Brooks, a reputable practicing attorney at the Lawrence County bar, should receive the verdict when, and if a verdict should be returned by the jury before the sitting of the respondent, as judge of the Lawrence Circuit Court at a day subsequent thereto. We shall assume that the attorney of the relatrix, in her presence, agreed to the foregoing. William Brooks did none of the acts required to qualify as a special judge. The jury returned a verdict of guilty, and Mr. Brooks received the verdict and discharged the jury. The record of the proceedings recites that the verdict "was received in open court," and does not reveal that the regular judge had vacated the bench and that Mr. Brooks received the verdict and discharged the jury. Later, judgment was pronounced by

the regular judge. No objection was made by the relatrix to Mr. Brooks receiving the verdict and discharging the jury at the time the verdict was received nor at the time judgment was pronounced and sentence imposed. Further, no steps were taken to prepare for an appeal; and, at the time this original action was filed, the time fixed by law for the taking of an appeal had passed.

Subsequently to the passing of judgment on the relatrix in the cause above referred to a disbarment proceeding was instituted against the relatrix and in connection with such proceeding one David F. Long, attorney for relatrix, prepared a motion to file in open court before the respondent for the purpose of causing the record in the case of *State of Indiana* v. *Eggers* to show that Mr. Brooks, an attorney, received the verdict and discharged the jury. The evident theory of relatrix was that the correction of the record would result in the record's showing on its face that the verdict was a nullity and that the judgment pronounced thereon was void; and, consequently, that the judgment would then be subject to collateral attack in the disbarment proceeding. There is apparent conflict between the answer of respondent and the complaint and supporting affidavits of relatrix as to just what happened when Mr. Long presented his motion for a nun pro tunc entry in open court. According to the version of relatrix the motion "was offered to be filed in open court before the Honorable John C. Branaman" and he refused to consider the motion for the reason that the case of *State* v. *Eggers* was closed. Respondent's answer states:

"That this respondent did not deny the relatrix or his (her) attorney, or any other person on her behalf, the right to file a petition for a nunc pro tunc entry or any other petition or paper; that respondent did not refuse to permit David Long or

relatrix or any one for her to file any petition or paper, and did not refuse to docket or recognize any such petition or paper. . . .

"That no petition or paper of any kind was ever filed in the clerk's office of said court nor with this respondent by relatrix or any one in her behalf asking that the record of said cause be corrected by adding thereto the statement that William F. Brooks received said verdict."

Sometime after the above proceedings were had relatrix brought a habeas corpus proceeding to obtain her release from custody, which proceeding is now pending; and she now seeks a writ of mandamus from this court to compel the respondent to correct the record in order to use same as evidence in the pending habeas corpus proceeding for the purpose of establishing that she is being held in custody under a void judgment. Relatrix sets out in her petition the circumstances under which the verdict was received in the case of *State of Indiana* v. *Eggers* and alleges "that due demand was made before bringing this action (i. e. the original action for writ of mandamus) upon said judge and clerk, to correct the record relating to the facts herein set out." There is no allegation that any written request was filed or offered for filing at this time.

To be entitled to the relief sought, the relatrix must show that the respondent is under a duty "enjoined by law" to correct the record; that the relatrix has a right to have the record corrected; that the act of correcting does not involve the exercise of judicial discretion; that the relief sought by the writ will accomplish the purpose for which it is sought; and finally that the relatrix has taken proper steps to "put the trial court in default before asking relief from this court."

A party to a judicial proceeding is entitled as a matter of right to have the record correspond to the facts and

obviously has a right that the presiding judge correct an inaccurate record whenever an inaccuracy materially prejudices his interests. It is the recognized rule of this state that a court has the inherent power to correct its own records on its own motion and is, of course, under a solemn duty to do so. The first question to decide in the instant case is whether the record accords with the facts. The record recites that the verdict was received "in open court" and on its face must be understood to record that the regular judge, the Hon. John C. Branaman, the respondent, was sitting as judge. In fact, Mr. Brooks was sitting and had not qualified as a special judge. The record does not state the facts.

The pleadings in the instant action reveal that relatrix cannot appeal from the judgment in the case of *State* v. *Eggers* for the reason that no questions were saved and the time for appeal has passed. Consequently if the result of changing the record would be merely to reveal error which could be assigned as grounds for reversal on appeal it would be useless for this court to grant the relief sought. The petition of the relatrix, however, shows that she is seeking release from imprisonment by a habeas corpus proceeding on the theory that the judgment in *State* v. *Eggers* is void; and she further shows that she cannot take advantage of the alleged nullity of such judgment except by securing a change in the record to make it accord with the facts. As the record in the case of *State* v. *Eggers* now stands the relatrix is in custody under a process issued on a final judgment by a court of competent jurisdiction and the record is regular in form and, as against a collateral attack in the habeas corpus proceeding, imports absolute verity. If the corrected record will show on its face that the judgment under which relatrix is being held is void, then relatrix would be entitled to a discharge from

custody in the habeas corpus proceeding. But if the corrected record will show merely an erroneous judgment the relatrix cannot avail herself of that in the habeas corpus suit and it would be futile for this court to require the trial court to correct the record.

If the record were corrected to show only facts in respect to which there is no conflict it would appear from the record that the regular judge vacated the bench with the consent of the relatrix that William Brooks should receive the verdict; and that William Brooks did receive the verdict and discharge the jury.

In *Britton* v. *Fox* (1872), 39 Ind. 369, the verdict was received by an attorney who had been appointed by the presiding judge, but without the consent of one of the parties. On appeal this court pointed out that the judge of a court cannot orally designate an attorney to hold court in his absence for any purpose and made the following statement:

"There was no court at the time when the verdict was returned and the jury discharged. The fact that counsel for the defendant was present, or was not present, can make no difference."

That consent is not material in such a situation is held in *McClure* v. *State* (1881), 77 Ind. 287. In that case, as appeared by bill of exceptions, the parties agreed that the verdict, when agreed upon, might be received by an attorney of the court. The judge left and in his absence the verdict was received by the attorney. The legal consequences of the arrangement were stated by this court as follows:

"When the judge left there was no court in session, and the reception of the verdict was a nullity. The reception of a verdict is a judicial act, and judicial power cannot be delegated. The consent of the defendant could not create a court, nor vest judicial authority in the person selected to receive the verdict." See, also, *Spurlock* v. *State* (1916),

185 Ind. 638, 114 N. E. 209; *Quinn* v. *State* (1892), 130 Ind. 340, 30 N. E. 300; *Straw* v. *State* (1926), 197 Ind. 606, 614, 149 N. E. 430, 151 N. E. 695, 696, "no person excepting the judge can receive a verdict."

We consider the rule announced by the foregoing cases thoroughly established and a sound one, both as a matter of policy and legal doctrine. It is logical to conclude that parties cannot, by agreement, confer upon a person a power which can come only from the sovereign and only in accordance with a fixed procedure. In case of a change from a regular judge parties may by agreement select the person who is to become a special judge but they cannot by agreement make him a judge. In short they may waive the privilege of a certain method of selecting the person who is to become a special judge but they cannot by agreement invest this person with judicial power. That can come only from the sovereign people in the method prescribed by law.

We do not hold in this proceeding that the corrected record will show conclusively as a matter of law that the judgment under which relatrix is held is void; but it will enable the relatrix to present a very serious and meritorious question to the court before which the habeas corpus proceeding is pending.

In directing the trial court to correct the record to correspond with the admitted facts we are not requiring the trial court to exercise a judicial discretion. These facts are within the knowledge of the trial court and will require no investigation or hearing of evidence on his part and in making the change the trial court will not be exercising judicial discretion any more than he would be in making an entry of a finding of a fact or a ruling of the court.

Respondent's answer shows that relatrix failed to perfect her appeal and to that extent failed to avail herself

of a legal remedy and it is possible that relatrix ▓▓▓▓ has failed to take advantage of other legal remedies which might have sufficiently protected her interests against the alleged void judgment. A defendant, however, is under no duty to take advantage of any particular legal remedy which may happen to be available at the risk of being precluded from attacking in a habeas corpus proceeding an alleged void judgment. The remedy of habeas corpus is more fundamental and far-reaching as against void judgments than the remedy of appeal. The right to a writ of habeas corpus is a part of the law of the land and if the facts justify relief thereunder a party is entitled to this relief even though the same result might have been achieved by the more common remedy of appeal. This court is as much bound to exercise its power of issuing writs of mandamus to remove an obstacle which stands in the way of an applicant's use of the remedy of a writ of habeas corpus as it is to exercise this same power to remove an obstacle which stand in the way of an applicant's use of a motion for a new trial in order to perfect an appeal. If a trial court should refuse to correct a record to make it speak the truth for the purpose of enabling a party to present a question on appeal we think the party would be entitled to the assistance of a writ of mandamus. In the ▓▓▓▓ instant case, as matters now stand, the relatrix is, as a matter of right, entitled to the relief afforded by a writ of habeas corpus if the judgment in the case of *State* v. *Eggers* is void; but the obstacle in the way of presenting the question of the nullity of the judgment is the inaccurate record of the Lawrence Circuit Court. We see no reason why relatrix would be any less entitled to the assistance of a writ of mandamus in the present situation than she would be if she were seeking to compel the correction of the record in order to enable her to take advantage of some error for purposes of appeal.

From the foregoing discussion it is apparent that the relatrix is entitled to have mandatory relief in this court in so far as the substantial merits of her case are concerned; and unless she has failed to conform to some necessary step in formal procedure the alternative writ must be made absolute. The respondent contends that the relatrix is not in a position to ask this court to issue its writ of mandamus for the reason that the relatrix has failed to "put the trial court in default before asking relief from this court." The position of respondent is indicated by that part of his response which alleges that the respondent did not deny the relatrix the right to file a petition and did not refuse to docket or recognize any such petition or paper and the further allegation that no petition or paper was ever filed or offered for filing in the office of the clerk of the Lawrence Circuit Court. We are assuming that the foregoing allegations are correct and that the acts of the relatrix or her attorney amounted to no more than orally calling the attention of the respondent, as judge of the Lawrence Circuit Court, to the inaccurate record and orally requesting that the same be changed to correspond to the facts. Ordinarily, when a petitioner seeks the aid of a writ of mandamus in this court to compel action by a circuit, superior or criminal court, it is necessary to make a showing that some written pleading has been filed or offered for filing in such court. If the petitioner is seeking to compel permission to file some pleading it is necessary that he show to this court that the pleading in question was actually offered for filing in order that we may know both that the lower court is unwilling to permit the filing of the pleading and that it is a pleading which the complaining party is entitled as a matter of right to file. On the other hand if the petitioner is seeking to compel the lower court to take action on some matter which is before it there must be

a showing that the court in question is refusing to proceed in the matter and that the petitioner is entitled as of right to have the matter acted upon. In short the requirement that a petitioner for a writ of mandate must make a showing that the trial court has been put in default is for the purpose of enabling this court to know that the trial court is under a duty to perform an act which the trial court has refused and is still refusing to perform. As has already been stated in this opinion the trial court is under a continuing duty to correct its record on its own motion and it is not necessary to file any pleading or motion with the trial court to create the duty. In the case of an ordinary pleading it is obvious that the trial court is under no duty to permit a filing or to take action thereon unless and until the pleading has been offered for filing.

Since in the instant case the trial court was under a duty to correct the record without reference to any act of the relatrix it would seem that the relatrix would be required to take only such action as would put the trial court in the position of refusing to correct the record. This was accomplished when relatrix called the attention of the trial court to the incorrectness of the record and requested that the trial court correct the same. Relatrix alleges in her petition that prior to its filing she demanded of respondent that he correct the record. We think the showing that the trial court's attention had been called to the inaccuracies with a request that the same be corrected and the further showing that the trial court has refused to make the correction are sufficient to put the trial court in default.

Respondent states that "as judge of the Lawrence Circuit Court, I am now, and have been at all times, willing to entertain any motion that relatrix, or anyone in her behalf, shall see fit to file relative to the subject

matter of this proceeding." But the relatrix is not seeking to enforce her right to file any petition or pleading but is seeking to enforce her right to have the record changed to speak the truth. We have indicated that it is not a condition precedent to the enforcing of her right to have the record changed that she file a written pleading.

We conclude that respondent's demurrer must be overruled and that his response is not sufficient to show cause. We note, however, that some of the statements in the alternative writ of mandate might be construed more broadly than the undisputed facts would justify. To avoid any uncertainty we modify the mandate as follows:

Now therefore, you John C. Branaman, as judge of the Lawrence Circuit Court, are hereby commanded to cause the record in the case of *State of Indiana* v. *Eggers* —No. 6532 of the Lawrence Circuit Court, to show that John C. Branaman, while sitting as regular judge in the aforesaid case and while the jury was deliberating on a verdict in said case, requested one William F. Brooks, a reputable practicing attorney of the Lawrence County Bar, to receive the verdict in said case if a verdict should be agreed upon and returned before the sitting of the said Hon. John C. Branaman as judge of Lawrence Circuit Court at a day subsequent thereto; that such request was made with the consent and approval of relatrix and the prosecuting attorney; that while the jury was still deliberating the Hon. John C. Branaman vacated the bench and during his absence from the Lawrence Circuit Court and before he was again sitting as judge of the said court the jury agreed upon a verdict and the said William F. Brooks, without having qualified as a special judge, received the verdict and discharged the jury.

As modified the alternative writ is made absolute.

Roll, J., dissents.