**Michael P. VAN METER, Appellant (Petitioner Below),**

v.

**David HEATH, Sheriff, Appellee (Respondent Below).**

No. 79S00–9207–CR–530.

Supreme Court of Indiana.

Nov. 10, 1992.

Thomas O'Brien, Lafayette, for appellant.

Linley E. Pearson, Cynthia L. Ploughe, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Michael Van Meter was charged with burglary and attempted theft in the Tippecanoe Superior Court. His lawyer informs us that he was convicted. His appeal is now pending before the Indiana Court of Appeals. *Van Meter v. State*, No. 79A05–9207–CR–234.

In the meantime, Van Meter filed a petition for habeas corpus in the Tippecanoe Superior Court. He alleged errors in the conduct of his initial hearing, particularly the failure of the judge to inform him that he had the right to a speedy trial. The record in the habeas proceeding from which this appeal flows indicates that Van Meter's lawyer filed a motion for a speedy trial, that Van Meter was upset that his lawyer had done so, that Van Meter later attempted to waive the request, and that a trial was eventually set by agreement beyond the date which the speedy trial rule would have required.

The trial court denied Van Meter's habeas petition. He now appeals from that denial.

The right of the people to seek writs of habeas corpus is protected by our Constitution. Ind. Const. art. I, § 27. The issuance

of such writs is governed by statute, Ind. Code §§ 34–1–57–1 to –25 (West 1983). These safeguards were enacted so that the State "may not, therefore, as was the case in those times when the liberty of the citizen was subject to the unbridled will of the crown, detain any person in prison upon any pretext whatever, without bringing him to trial as the statute prescribes." *McGuire v. Wallace* (1886), 109 Ind. 284, 287, 10 N.E. 111, 112.

 A valid commitment under a court judgment is an unanswerable return to a writ of habeas corpus. *Bangs v. Johnson* (1937), 211 Ind. 314, 315, 6 N.E.2d 944; *Smith v. Hess* (1884), 91 Ind. 424. Even when a person is held in detention under a court order, however, habeas will lie if the court's order is illegal on its face. *Miller v. Snyder* (1854), 6 Ind. 1.

 The writ of habeas corpus cannot, however, be used as a substitute for an appeal. Where the proceedings leading to the petitioner's detention are not void by reason of matters apparent on the face of the record, the petitioner's remedy is by way of appeal. *Gillespie v. Rump* (1904), 163 Ind. 457, 72 N.E. 138. When such an appeal is pending, petitions for writs of habeas corpus are not entertained. *Stephenson v. Daly* (1927), 200 Ind. 196, 158 N.E. 289. Issues relating to the validity of a commitment may also be considered under post-conviction procedures. Our federal cousins have recognized the distinctions which Indiana makes between appeal, post-conviction, and habeas. *See Potter v. Dowd,* 146 F.2d 244 (7th Cir.1944).

The judgment under which Van Meter is detained is not invalid on its face. Moreover, the issues which Van Meter raises may be asserted in his appeal. Thus, the trial court was correct in denying Van Meter's petition for a writ.

We affirm the judgment of the trial court.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.