**Frederick A. MEREDITH,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 45A03–9402–PC–84.**

Court of Appeals of Indiana,
Third District.

Aug. 8, 1994.

Frederick A. Meredith, pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-petitioner Frederick A. Meredith appeals the summary denial of his second petition for post-conviction relief.

The facts relevant to the appeal are summarized below. After a trial by jury, Meredith was convicted of attempted murder, a Class A felony, and robbery, a Class B felony. Also, he was adjudicated an habitual offender. Meredith was sentenced to thirty years for the attempted murder conviction and ten years for the robbery conviction. His sentence was enhanced by thirty years based upon the habitual offender finding.

Meredith's convictions were affirmed on direct appeal. *Meredith v. State* (1987), Ind., 503 N.E.2d 880. Meredith's first petition for post-conviction relief was denied. That denial was affirmed in a memorandum decision by this Court in 1990.

In April 1991, Meredith filed a second petition alleging that his convictions violated the double jeopardy clauses of the United States and Indiana Constitutions. Meredith amended the petition in late April 1991 to include an allegation that the trial court erred in *sua sponte* altering the jury verdict from a Class A felony to a Class B felony for robbery. The State answered the petition in May 1991, contending *inter alia* that Meredith's petition was frivolous and without a reasonable basis in the record, was waived for failure to raise issues in the previous direct appeal and post-conviction proceeding, and that laches applied to bar relief.

In February 1992, Meredith filed a state habeas corpus petition which was treated as another amendment to the post-conviction petition. Then in April 1992, Meredith amended his petition yet again, wherein he alleged ineffective assistance of trial, appellate, and post-conviction counsel for failing to allege double jeopardy violations.

On September 1, 1993, the post-conviction court issued written findings of fact and conclusions of law which determined that the pleadings conclusively demonstrated that Meredith had not presented any grounds upon which he would be entitled to post-conviction relief. The court did not hold an evidentiary hearing on the petition. The sole issue raised on appeal is whether the court erred in dismissing Meredith's second petition for post-conviction relief without an evidentiary hearing.

When a successive petition for post-conviction relief does not specifically allege material factual or other issues not adjudicated at the hearing on the prior petition and does not specifically allege reasons for the unavailability of the issues earlier, or where the pleadings conclusively show that a petitioner is not entitled to relief, a court has discretion to summarily dismiss or deny the successive petition.

> See *Harrison v. State* (1992), Ind. App., 585 N.E.2d 662, 666;
> *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21;
> Ind. Post–Conviction Rule 1, §§ 4, 12.

Any ground for error which occurred during the proceedings on the first petition should have been raised in an appeal of that proceeding. *Baker v. State* (1991), Ind.App., 580 N.E.2d 338, 339.

Here, Meredith made no specific allegations presenting a substantial basis or circumstance which would mitigate the failure to raise the possibility of error during the earlier proceeding. Instead, Meredith baldly asserts that all previous proceedings were plagued by ineffective assistance of counsel. It is noteworthy that Meredith's prior proceedings have raised ineffective assistance of trial and appellate counsel. These issues have been determined. Meredith now generally complains that post-conviction counsel was ineffective and that he only discovered it when he reviewed the record himself. He does not claim that he could not have reviewed the record at any other stage of the proceedings.

The trial court did not abuse its discretion in dismissing the petition.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.