**Joseph A. TAYLOR, Appellant–Petitioner,**

v.

**Alan P. FINNAN, Appellee–Respondent.**

No. 48A02–1105–MI–547.

Court of Appeals of Indiana.

Oct. 7, 2011.

Rehearing Denied Nov. 21, 2011.

Joseph A. Taylor, Pendleton Correctional Facility, Pendleton, IN, Appellant Pro Se.

## OPINION

CRONE, Judge.

### Case Summary

Joseph A. Taylor is currently incarcerated in Pendleton Correctional Facility, and he filed a petition for writ of habeas corpus in Madison Circuit Court. The petition alleged that his convictions for attempted voluntary manslaughter, burglary, two counts of criminal confinement, and battery are void because his trial attorney was not admitted to practice law in Indiana. The trial court reviewed his petition pursuant to Indiana Code Section 34–58–1–2, which requires courts to review complaints and petitions filed by offenders to determine whether they are frivolous. The court determined that Taylor's petition should be considered a petition for post-conviction relief and therefore should have been filed in Floyd County, where Taylor was convicted and sentenced. The court therefore dismissed Taylor's petition.[1] Although we agree with the trial court that Taylor's claim should proceed as a petition for post-conviction relief, Post-Conviction Rule 1(1)(c) dictates that the court should have transferred the case to Floyd County rather than dismiss it. Therefore, we reverse and remand with instructions to transfer the case to Floyd County.

### Facts and Procedural History

On April 15, 2011, Taylor filed a motion in the Madison Circuit Court, which he styled as a petition for writ of habeas corpus. Taylor alleged that his trial attorney was not admitted to practice in Indiana and that he was not aware of that

1. Because the petition was dismissed at the screening stage, the respondent, Alan Finnan, who is the superintendent of Pendleton Correctional Facility, was never involved in this case. The Attorney General has filed a notice of non-involvement in this case, which we accepted by separate order on August 19, 2011.

fact at the time of the criminal proceedings. In support, Taylor attached an appearance form that provides a Kentucky address for his trial attorney. Taylor argued that his convictions were therefore void and that habeas corpus is the proper procedure for challenging a void judgment.

On April 18, 2011, the Madison Circuit Court screened Taylor's petition pursuant to Indiana Code Section 34–58–1–2 and determined that Taylor's claim should have been raised as a petition for post-conviction relief in Floyd County, where Taylor was convicted and sentenced. The court therefore dismissed Taylor's petition. On April 26, 2011, Taylor filed a motion to correct error, which the court denied the same day. Taylor now appeals.

## Discussion and Decision

Pursuant to Indiana Code Sections 34–58–1–1 and –2, when an offender files a complaint or petition, the court must docket the case and then determine whether the claim may proceed. A claim may not proceed if it is frivolous, is not a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from liability for such relief. Ind. Code § 34–58–1–2. A claim is frivolous if it is made primarily to harass a person or lacks an arguable basis in law or fact. *Id.* If the court determines that a claim may not proceed, the court must enter an order explaining why it cannot proceed and stating whether there are any remaining claims that may proceed. Ind.Code § 34–58–1–3.

In reviewing the dismissal of an offender's complaint pursuant to Indiana Code Section 34–58–1–2, we employ a de novo standard of review. *Smith v. Huckins,* 850 N.E.2d 480, 484 (Ind.Ct.App.2006). Like the trial court, we look only to the well-pleaded facts contained in the complaint or petition. *Id.* Further, we determine whether the complaint or petition contains allegations concerning all the material elements necessary to sustain a recovery under some viable legal theory. *Id.*

In *Butler v. State,* a panel of this Court held that an attorney who was licensed in Illinois but who was neither licensed in Indiana nor admitted pro hac vice provided ineffective assistance of counsel per se. 668 N.E.2d 266, 269 (Ind.Ct.App.1996). *Butler* relied on *Simmons v. Carter,* 576 N.E.2d 1278, 1280 (Ind.Ct.App.1991), where we held that when "a legal proceeding has been instituted on behalf of another in a court of record by one not licensed to practice law, the action should be dismissed, and if the suit has proceeded to judgment, the judgment is void." *Butler,* 668 N.E.2d at 268.

In *Little v. State,* 819 N.E.2d 496, 503 (Ind.Ct.App.2004), *trans. denied,* a different panel of this Court retreated from *Butler,* ruling that if counsel is licensed in another state, counsel is not *per se* ineffective and the petitioner must show that he was prejudiced. Because the post-conviction court had credited the evidence that Little was aware that his attorney was not licensed in Indiana, we held that he could not show that he was prejudiced. *Id.*

■ Here, Taylor's petition alleged that trial counsel was not licensed in Indiana and that he was unaware of that fact. Under *Butler* and *Little,* he has stated a claim that has an arguable basis in law and fact. His complaint contains sufficient allegations to allow his claim to proceed.

The remaining question is whether his claim is properly characterized as a petition for habeas corpus or for post-conviction relief. We note that both *Butler* and *Little* were post-conviction cases; however, neither case appears to have directly considered how the claim should have been characterized. Taylor argues that, pursuant to *Butler,* the judgment of conviction is

void. 576 N.E.2d at 1280. He further argues that because he is being held in custody under a void judgment, he is entitled to immediate release, and therefore, he properly brought his claim as a petition for writ of habeas corpus. In support, he cites *State ex rel. Eggers v. Branaman*, 204 Ind. 238, 183 N.E. 653 (1932), and *Potter v. Dowd*, 146 F.2d 244 (7th Cir. 1944).

Taylor appears to be relying on the statement in *Potter* that a "judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." 146 F.2d at 247. Taylor, however, has not presented a jurisdictional issue. Moreover, because *Potter* is a federal case, it concerns the circumstances under which a federal court may review a judgment rendered by a state court. Therefore, we conclude that *Potter* is inapplicable.

*Eggers* was an original action seeking a writ of mandamus to have the trial record corrected so that Eggers could support her pending petition for habeas corpus. Eggers alleged that an attorney, who had not taken the steps necessary to qualify as a special judge, had accepted the jury verdict and discharged the jury, whereas the record reflected that the regular presiding judge had done so. Without deciding what the corrected record would show, our supreme court held:

> The pleadings in the instant action reveal that relatrix cannot appeal from the judgment in the case of *State v. Eggers* for the reason that no questions were saved and the time for appeal has passed. Consequently, if the result of changing the record would be merely to reveal error which could be assigned as grounds for reversal on appeal, it would be useless for this court to grant the relief sought. The petition of the relatrix, however, shows that she is seeking release from imprisonment by a habeas corpus proceeding on the theory that the judgment in *State v. Eggers* is void; and she further shows that she cannot take advantage of the alleged nullity of such judgment except by securing a change in the record to make it accord with the facts. As the record in the case of *State v. Eggers* now stands, the relatrix is in custody under a process issued on a final judgment by a court of competent jurisdiction, and the record is regular in form and, as against a collateral attack in the habeas corpus proceeding, imports absolute verity.
>
> If the corrected record will show on its face that the judgment under which relatrix is being held is void, then relatrix would be entitled to a discharge from custody in the habeas corpus proceeding. But, if the corrected record will show merely an erroneous judgment, the relatrix cannot avail herself of that in the habeas corpus suit, and it would be futile for this court to require the trial court to correct the record.

*Eggers*, 204 Ind. at 244–45, 183 N.E. at 655. This passage discusses the difference between direct and collateral review, not between habeas corpus and post-conviction relief. Although *Eggers* holds that a judgment that is void on its face may be challenged by means of a petition for writ of habeas corpus, it makes no mention of post-conviction relief. *See id.*

Our research reveals that the term "post-conviction" was first used in the 1951 case of *Witte v. Dowd*, 230 Ind. 485, 498, 102 N.E.2d 630, 636 n. 10 (1951) (Gilkison, C.J., dissenting), *cert. denied*. In his dissent, Chief Justice Gilkison quoted a law review article, which described the writ of habeas corpus as "a post-conviction remedy." *Id.* Other cases from this period also appear to use the term "post-conviction" to generally describe various remedies that could be pursued outside of direct appeal. *See, e.g., Thomas v. State*, 241 Ind. 703,

704, 171 N.E.2d 262, 262 (1961) (characterizing a petition for writ of error coram nobis as a "post conviction remedy"). The Indiana Post–Conviction Rules were first adopted in 1969, and thereafter, decisions began using the term "post-conviction" to describe a particular remedy rather than as a general term describing remedies other than direct appeal. *See, e.g., Hawkins v. Jenkins,* 268 Ind. 137, 140–41, 374 N.E.2d 496, 498–99 (1978) (in what appears to be the earliest case that thoroughly discusses the distinction between post-conviction relief and habeas corpus, the court held that when a person is not entitled to immediate release, the claim is properly considered one for post-conviction relief and not habeas corpus). Due to these historical developments, decisions prior to 1969 do not always provide a complete answer as to the availability of habeas corpus proceedings.

■ The rule applicable to Taylor's case is stated in *Van Meter v. Heath:*

> A valid commitment under a court judgment is an unanswerable return to a writ of habeas corpus. Even when a person is held in detention under a court order, however, habeas will lie if the court's order is illegal on its face.
>
> The writ of habeas corpus cannot, however, be used as a substitute for an appeal. Where the proceedings leading to the petitioner's detention are not void by reason of matters apparent on the face of the record, the petitioner's remedy is by way of appeal. When such an appeal is pending, petitions for writs of habeas corpus are not entertained. Issues relating to the validity of a commitment may also be considered under post-conviction procedures. Our federal cousins have recognized the distinctions which Indiana makes between appeal, post-conviction, and habeas.

602 N.E.2d 143, 144 (Ind.1992) (citations omitted). In other words, a judgment that is illegal on its face may be challenged by means of a petition for writ of habeas corpus, but if a judgment is void for a reason not apparent on the face of the record, the issue must be raised on direct appeal. *Id.* If the issue was not known or available on direct appeal, it may be raised in a petition for post-conviction relief. *Stephenson v. State,* 864 N.E.2d 1022, 1028 (Ind.2007), *cert. denied.*

■ Even assuming that Taylor's attorney's office was in Kentucky, it is not apparent from the face of the record that his attorney was not licensed in Indiana. Because the judgment is not void on its face, the issue should have been brought on direct appeal. Taylor alleges that he did not know that his counsel was not licensed in Indiana at that time; therefore, his remedy, if any, is through post-conviction proceedings. Therefore, the court was correct to classify his claim as a petition for post-conviction relief.

■ However, the court should not have dismissed Taylor's claim. Post–Conviction Rule 1(1)(c) states:

> This Rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

In accordance with this rule, we reverse the court's judgment and remand with instructions to transfer the case to Floyd County.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.