**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 02 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 22A04-1204-MI-197 |
| | ) | |
| ALAN P. FINNAN, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Roger L. Duvall, Special Judge
Cause No. 22D01-1110-MI-1645

**August 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joseph A. Taylor appeals from the post-conviction court's summary denial of his successive petition for post-conviction relief.[1]  Taylor raises two issues for our review, which we consolidate and restate as whether the post-conviction court erred when it summarily denied his petition.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 15, 2011, Taylor, an inmate at the Pendleton Correctional Facility, filed a motion in the Madison Circuit Court that he styled as a petition for writ of habeas corpus.  The trial court concluded that Taylor's petition was really a petition for post-conviction relief, which should have been filed in Floyd County.  Accordingly, the trial court dismissed Taylor's petition, and Taylor appealed to this court.

On October 7, 2011, we issued an opinion in Taylor's appeal in which we agreed with the Madison Circuit Court's conclusion that Taylor's petition should have been styled as a petition for post-conviction relief.  Taylor v. Finnan, 955 N.E.2d 785, 789 (Ind. Ct. App. 2011), trans. denied ("Taylor I").  However, we disagreed with the trial court's decision to dismiss the petition outright.  Rather, we held, the court should have transferred Taylor's case to Floyd County for consideration as a petition for post-conviction relief.  Id.  Thus, we remanded Taylor's appeal with instructions for the trial court to transfer his petition.

On October 26, 2011, the Madison Circuit Court transferred Taylor's petition to the Floyd Superior Court pursuant to our instructions.  The Floyd Superior Court subsequently reviewed Taylor's petition and concluded as follows: "The matter having

---

[1] The State has not filed an appellee's brief.

been transferred the Court now dismisses the Petition as one more in a long string of repetitive actions for post conviction relief. This action does not comply with what is required for a second or subsequent action for post conviction relief." Appellant's App. at 4. The court then summarily denied Taylor's petition. This appeal ensued.

## DISCUSSION AND DECISION

Taylor appeals the post-conviction court's summary denial of his successive petition for post-conviction relief. As we have explained:

> [The petitioner] bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. See Ind. Post-Conviction Rule 1(5); Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Timberlake, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Id. If it was raised on appeal, but decided adversely, it is res judicata. Id.
>
> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. Hall v. State, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Id. at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. See Timberlake, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. Id.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied.

On appeal, Taylor first asserts that the post-conviction court erroneously treated his petition for writ of habeas corpus as a petition for post-conviction relief. But the post-conviction court followed our opinion in Taylor I. For the reasons stated in Taylor I, the

3

post-conviction court here properly treated Taylor's petition as one for post-conviction relief.

Taylor also asserts that the post-conviction court erred when it summarily denied his petition. The post-conviction court expressly concluded that Taylor's petition for post-conviction relief was a successive petition. As we have explained:

> When a successive petition for post-conviction relief does not specifically allege material factual or other issues not adjudicated at the hearing on the prior petition and does not specifically allege reasons for the unavailability of the issues earlier, or where the pleadings conclusively show that a petitioner is not entitled to relief, a court has discretion to summarily dismiss or deny the successive petition.
>
> Any ground for error which occurred during the proceedings on the first petition should have been raised in an appeal of that proceeding.

Meredith v. State, 638 N.E.2d 814, 815 (Ind. Ct. App. 1994) (citations omitted).

Taylor acknowledges that he is appealing the post-conviction court's denial of his third petition for post-conviction relief. But he does not provide this court with either of his prior petitions so that we may determine the extent to which he did or did not raise his currently stated issues in either of his prior petitions. See Ind. Appellate Rule 46(A)(8)(a). Again, it is Taylor's burden to demonstrate that his current petition does not allege material factual or other issues previously adjudicated. See Meredith, 638 N.E.2d at 815; Lindsey, 888 N.E.2d at 322. Taylor has not met his burden on appeal to demonstrate that the post-conviction court erred when it summarily denied his petition. As such, we affirm its judgment.

Affirmed.

KIRSCH, J., and MAY, J., concur.

4