**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 30 2013, 5:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY PRO SE:

**JOSEPH A. TAYLOR**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A01-1302-CR-64 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Nicholas L. South, Special Judge
Cause No. 22D01-9001-CF-20

**August 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Over the past twenty-three years, appellant-defendant Joseph A. Taylor has engaged in voluminous post-conviction litigation as evidenced by his sixty-page chronological case summary in the Floyd Superior Court. In this most recent appeal, he argues that the trial court erred in denying his Motion for Relief from Judgment. Specifically, Taylor argues that the trial court should have granted his motion because he was denied the effective assistance of counsel when he was represented at trial by an attorney who was neither licensed to practice law in Indiana nor granted permission to temporarily appear in an Indiana court. Because this issue has previously been raised and determined adversely to Taylor's position, it is barred by the doctrine of res judicata. We therefore remand this case to the trial court with instructions to dismiss it.

## FACTS

In 1990, Taylor was convicted of attempted voluntary manslaughter, a class A felony, two counts of criminal confinement, as class B felonies, burglary, a class B felony, and battery, a class D felony and sentenced to a sixty-year executed sentence. On direct appeal in 1993, Taylor argued that his trial counsel was ineffective because he was not licensed to practice law in Indiana or admitted to practice in Indiana pro hac vice. In this Court's twenty-five page opinion affirming Taylor's convictions, we directed Taylor to a hearing on his motion to correct error where the trial court noted that Taylor's counsel was admitted to practice pro hac vice on two occasions, once in chambers and once in open court. See Taylor v. State, Cause No. 22A01-9203-CR-44, Slip Op. at 20, n. 8 (Ind. Ct. App. September 22, 1993).

2

Thereafter, Taylor filed various motions and petitions with the trial court as well as the United States District Court, in addition to a writ of mandamus and prohibition with the Indiana Supreme Court, all of which were ultimately denied. Taylor filed a petition for post-conviction relief in 1995, and a motion to correct erroneous sentence in 1997, both of which were denied. Taylor filed a consolidated appeal of the denial of his petition and motion, and this court affirmed. See Taylor v. State, Cause No. 22A01-9704-CR-123, (Ind. Ct. App. September 28, 1998).

In 2006, this Court authorized Taylor to file a successive petition for post-conviction relief on the limited issue of whether he received ineffective assistance of post-conviction counsel. That petition remains pending. In 2011, Taylor filed a motion in the Madison Circuit Court, which he styled as a petition for writ of habeas corpus. Specifically, Taylor alleged that his trial attorney was not admitted to practice in Indiana and that he was not aware of that fact at the time of trial. That motion was subsequently transferred to Floyd County, where it was treated as a petition for post-conviction relief and summarily denied. This Court affirmed the denial. See Taylor v. Finnan, 955 N.E.2d 785 (Ind. Ct. App. 2011), trans. denied, and Taylor v. Finnan, Cause No. 22A04-1204-MI-197, (Ind. Ct. App August 2, 2012).

In 2013, Taylor filed a motion for relief from judgment from the 1990 judgment wherein he argued that his trial counsel was ineffective because he was not licensed to practice law in Indiana or admitted to practice in Indiana pro hac vice. The trial court denied the motion, and Taylor appeals.

3

## DISCUSSION AND DECISION

Taylor argues that the trial court erred in denying his motion for relief from judgment because he was denied his right to effective assistance of counsel when he was represented in a criminal trial by an attorney who was neither licensed to practice law in Indiana nor granted permission to temporarily appear. However, an issue which previously has been raised and determined adversely to the appellant's position is barred by res judicata. Arthur v. State, 663 N.E.2d 529, 531 (Ind. 1996). Here, Taylor raised this issue on direct appeal twenty years ago, and it was decided against him. Nevertheless, he raised the issue a second time eleven years ago, and it was decided adversely to him again. The issue is now barred by res judicata. We therefore remand this case to the trial court with instructions to dismiss it.

FRIEDLANDER, J., and VAIDIK, J., concur.