# FOR PUBLICATION



APPELLANT PRO SE:

**MARCUS RICHARDSON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCUS RICHARDSON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1312-MI-625 |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1310-MI-538

**August 11, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Marcus Richardson appeals the transfer of his Verified Petition for Writ of *Habeas Corpus* to the sentencing court. We affirm.

## FACTS AND PROCEDURAL HISTORY

Richardson was convicted of murder[1] and conspiracy to commit murder[2] and sentenced to sixty years in the Department of Correction. He is currently imprisoned in Madison County at the Pendleton Correctional Facility.

Richardson attempted to obtain his arrest warrant and probable cause affidavit on multiple occasions between 2004 until 2013, but was not successful. Based thereon, Richardson filed a Verified Petition for Writ of *Habeas Corpus* in the Madison Circuit Court on October 30, 2013, alleging that in 1994, the Marion Superior Court sentenced him "without proper jurisdiction over the subject matter." (App. at 4.) His complaint alleged "the clerk had failed to file the probable cause affidavit in its proper court" so the arrest warrant violated his federal and state constitutional rights. (*Id.* at 5.)

On November 22, Wendy Knight, the Superintendent of Pendleton Correctional Facility, moved to transfer Richardson's petition to the sentencing court because she believed Richardson's request was for post-conviction relief and not *habeas corpus*. On November 27, the Madison County court transferred the case to Marion County.

## DISCUSSION AND DECISION

We first note that Richardson proceeds *pro se*. It is well settled that *pro se* litigants

---

[1] Ind. Code § 35-42-1-1.
[2] Ind. Code § 35-41-5-2.

are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

Richardson sought a writ of *habeas corpus*. A writ of *habeas corpus* is governed by Ind. Code art. 34-25.5, which provides: "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of *habeas corpus* to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." Ind. Code § 34-25.5-1-1. *Habeas corpus* is appropriate if the court's order is illegal on its face, but

> [t]he writ of *habeas corpus* cannot, however, be used as a substitute for an appeal. Where the proceedings leading to the petitioner's detention are not void by reason of matters apparent on the face of the record, the petitioner's remedy is by way of appeal. When such an appeal is pending, petitions for writs of *habeas corpus* are not entertained. Issues relating to the validity of a commitment may also be considered under post-conviction procedures. Our federal cousins have recognized the distinctions which Indiana makes between appeal, post-conviction, and *habeas*.

*Van Meter v. Health*, 602 N.E.2d 143, 144 (Ind. 1992) (citations omitted) (italics added). A judgment that is illegal on its face may be challenged by means of a petition for writ of *habeas corpus*, but if the judgment is void for a reason not apparent on the face of the record, the issue must be raised on direct appeal or, if not known or available at the time of direct appeal, then in a petition for post-conviction relief. *Taylor v. Finnan*, 955 N.E.2d 785, 789 (Ind. Ct. App. 2011), *trans. denied*.

Even assuming Richardson's arrest warrant and probable cause affidavit cannot be found or were never entered, his conviction is not void on its face because "a valid conviction may rest upon an invalid arrest and . . . the legality of an arrest is relevant only to

the admissibility of evidence resulting from a search based upon the alleged illegal arrest."

*Williams v. State*, 304 N.E.2d 311, 313 (Ind. 1973).  Richardson's claim after his conviction that his arrest was illegal is an attack on the validity of the conviction or sentence and, thus, was correctly classified as one for post-conviction relief.  *See Taylor*, 955 N.E.2d at 789 (writ of *habeas corpus* based on a lawyer not being licensed in Indiana was properly reclassified as a petition for post-conviction relief because the judgment was not void on its face).

Richardson asserts that the trial court erred in transferring his petition for writ of *habeas corpus* to the sentencing court.  Indiana Post Conviction Rule 1(1)(c) states:

> This Rule does not suspend the writ of *habeas corpus*, but if a petitioner applies for a writ of *habeas corpus*, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule.

As Richardson's petition attacks the validity of his conviction and sentence, it falls within Indiana Post-Conviction Rule 1(1)(c) and must be transferred to the sentencing court. See *Miller v. Lowrance*, 629 N.E.2d 846, 847 (Ind. 1994), *reh'. denied*.  The trial court did not err when it transferred Richardson's petition to the sentencing court, and accordingly we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.